# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GREGORY J. HANSEN,  )
        )
  Appellant,  )
        )
  v.     )
        )  C.A. No. N19A-09-001 CLS
FEDEX-GROUND PACKAGE )
SYSTEM, INC. and   )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD,   )
        )
  Appellees.  )

Date Decided: February 7, 2020

*Upon Consideration of Appellant Gregory J. Hansen's Appeal from the Unemployment Insurance Appeal Board*
**Affirmed.**

## ORDER

Gregory J. Hansen, *Pro Se* Litigant.

Maria R. Granaudo Gesty, Esquire, Burns White LLC, Wilmington, Delaware, Attorney for Appellee FedEx Ground Package System, Inc.

Monica L. Townsend, Esquire, Deputy Attorney General, Department of Justice, Civil Division, Wilmington, Delaware, Attorney for Appellee Unemployment Insurance Appeal Board.

**SCOTT, J.**

1

Before this Court is Appellant Gregory J. Hansen's ("Appellant") appeal from the decision of the Unemployment Insurance Appeal Board ("Board" or "UIAB") disqualifying Appellant from unemployment benefits. For the following reasons, the Board's decision is AFFIRMED.

## Background

Appellant worked as a package handler for Appellee FedEx Ground Package System, Inc. ("FedEx") from October 2018 through April 4, 2019. Ms. Ashlei Liverpool was Appellant's direct supervisor and Mr. Terrance Coles was Ms. Liverpool's direct supervisor. On April 4, 2019, Appellant had a meeting with Ms. Liverpool and Mr. Coles to discuss Appellant's conduct while at work. This meeting did not go well. Mr. Coles ended the meeting early and instructed Appellant to leave for the day.

Appellant left the meeting but did not immediately leave the FedEx facility. Instead, Appellant began speaking to another package handler who was waiting for packages to come down a conveyor belt. Mr. Coles approached Appellant and reiterated his request for Appellant to leave the facility. The exchange between Mr. Coles and Appellant quickly devolved. Appellant acted aggressively towards Mr. Coles. Appellant continued to act aggressively towards Mr. Coles even after Mr. Coles instructed Appellant to stop and to leave the premises. Because Appellant refused to follow these instructions, Mr. Coles terminated Appellant's employment.

On May 17, 2019, a referee of the division of unemployment insurance appeals found Appellant was disqualified from receiving unemployment benefits. On July 3, 2019, the UIAB affirmed the referee's decision and found Appellant disqualified from receiving unemployment benefits.

## Parties' Assertions

Appellant appealed to this Court from the decision of the Board. Appellant argues that FedEx fired him in retaliation for Appellant's complaints to labor law enforcement and to the internal FedEx complaint mechanism; Appellant also claims that his supervisors did not like him and tried to frame him so that they could fire him for "just cause." Appellant further argues that it was Mr. Coles, and not Appellant, who behaved aggressively on April 4th.

In response, FedEx argues that there was substantial evidence supporting the Board's decision and that the Board did not commit an error of law. FedEx argues that the Board's decision satisfies this Court's two-part test for "just cause" because there was a FedEx policy prohibiting aggressive behavior and all FedEx employees were made aware of this policy at the outset of their employment.

In his reply, Appellant argues that everything FedEx alleged in its response about Appellant was false. Appellant reiterates his argument that his supervisors did not like him and were trying to find a reason to fire Appellant. Finally, Appellant argues that the Board erred by prohibiting Appellant from subpoenaing video

recordings from the FedEx warehouse's security cameras; Appellant argues that these recordings would show that Mr. Coles was the one who behaved aggressively towards Appellant and that Appellant did not behave in an aggressive manner.

## Standard of Review

The standard under which this Court reviews the UIAB's decision is deferential.[1] The Court is limited to determining whether the Board's decision is supported by substantial evidence and whether the Board committed legal error.[2] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Court does not weigh evidence, determine questions of credibility, or make its own factual findings; the Court's role is merely to determine if the evidence is legally adequate to support the Board's factual findings.[4]

## Discussion

The Board found that FedEx presented sufficient evidence to show that there was "just cause" to terminate Appellant. Under 19 *Del. C.* § 3314(2), a claimant is not eligible for unemployment benefits when he is terminated for "just cause."[5] "Just

---

[1] *Morrison v. Unemployment Ins. Appeal Bd.*, 2013 WL 5786417, at *3 (Del. Super. Oct. 18, 2013).
[2] 19 *Del. C.* § 3323(a); *Morrison*, 2013 WL 5786417, at *3.
[3] *Oceanport Indus. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994).
[4] *Morrison*, 2013 WL 5786417, at *3.
[5] 19 *Del. C.* § 3314(2).

cause" exists if an employee commits a willful or wanton act in violation of the employer's interests, the employee's duties, or the employee's expected standard of conduct.[6] Even an isolated incident of behavior that displays contempt for the normal procedures followed in the workplace may constitute "just cause."[7] This Court uses a two-step analysis in evaluating "just cause": 1) whether a policy existed, and if so, what conduct was prohibited, and 2) whether the employee was apprised of the policy, and if so, how he was made aware.[8] Knowledge of a company policy may be established by evidence of a written policy, such as an employer's handbook, or by previous warnings of objectionable conduct.[9]

The Court finds that there was substantial evidence supporting the Board's finding that Appellant was terminated for "just cause." The Board specifically found that Appellant became aggressive in violation of a FedEx policy and that there was no dispute that Appellant was aware of such policy. FedEx's policy prohibits "threatening, violent, intimidating, malicious, grossly obscene, or discriminatory" conduct.[10] The policy warns employees that a violation of any FedEx policy can

---

[6] *Moeller v. Wilmington Sav. Fund Soc'y*, 723 A.2d 1177, 1179 (Del. 1999).
[7] *Mergliano v. Unemployment Ins. Appeal Bd.*, 2009 WL 3069676, at *2 (Del. Super. Sept. 16, 2009).
[8] *Barger v. Unemployment Ins. Appeal Bd.*, 2018 WL 4897077, at *2 (Del. Super. Oct. 9, 2018).
[9] *Id.*
[10] R. at 123.

result in disciplinary action, including termination without prior warning.[11] At the Board hearing, Mr. Coles testified that he informed Appellant that Appellant's actions constituted inappropriate behavior and he instructed Appellant to stop acting in that manner.[12] Appellant continued to behave in an aggressive manner and thus, he was terminated. Based on this evidence, the Board properly concluded that Appellant was terminated for "just cause."

With his appeal, Appellant asks this Court to find his version of events more credible than FedEx's version of events. The Board was presented with two competing versions of events: Appellant's and FedEx's. After an in-person hearing with both parties, the Board found FedEx's version of events more credible than Appellant's version of events. The Court will not, and indeed cannot, overturn the Board's credibility determination.[13]

## Conclusion

For the forgoing reasons, Appellant's Appeal from the Board's decision is **DENIED** and the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

**The Honorable Calvin L. Scott, Jr.**

---

[11] R. at 123.

[12] R. at 150–51.

[13] *See Morrison*, 2013 WL 5786417, at *3 ("The Court does not weigh evidence, determine questions of credibility, or make its own factual findings.").